188 N.J. Super. 494 (1983)
457 A.2d 1217
THE VIDEO STATION, PLAINTIFF-RESPONDENT,
v.
FREY'S MOTOR EXPRESS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT, AND CASSWAY'S TRUCKING CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 1, 1983.
Decided February 18, 1983.
*496 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Methfessel & Werbel, attorneys for appellant (Joel N. Werbel of counsel and on the brief).
Weinstock & O'Malley, attorneys for respondent The Video Station (Stephen O'Malley of counsel and on the brief).
No brief was filed on behalf of respondent Frey's Motor Express, Inc.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant Cassway's Trucking Corporation (Cassway's) appeals from a judgment of the Warren County District Court that awarded plaintiff The Video Station damages against it and codefendant Frey's Motor Express, Inc. (Frey's) in the sum of $2,435.65 and declared that Frey's was entitled to be indemnified by Cassway's for all sums paid to plaintiff by reason of said judgment. The trial judge, based on a stipulation of facts and exhibits, held that Cassway's failed to conform to reasonable commercial standards in carrying out its contractual undertaking with Frey's by accepting a check, stamped certified but not signed by the drawee bank, when delivering goods to plaintiff's consignee.
Although we agree with the judge's ultimate holding, we disagree in part with the reasons that underlie it. Contrary to the conclusions of the trial judge and the parties, the relevant standard of care applicable in this case is not that established by § 7-404 of the Uniform Commercial Code, N.J.S.A. 12A:7-404. In our view, Cassway's liability to plaintiff did not depend upon *497 statute. The overwhelming weight of modern authority is that a carrier's liability for failure to pick up cash or its equivalent under a C.O.D. shipment is a matter of contract between the parties, separate from and unrelated to the contract for delivery and its attendant statutory duties.[1] See, generally, 13 C.J.S. Carriers § 186a at 382-383; Annotation, "Liability of Carrier for Delivering Goods Sent C.O.D. Without Receiving Cash Payment," 27 A.L.R.3d 1320, 1324 (1969). Thus, it is frequently said that
Under a c.o.d. shipment, the carrier acts in two capacities, as bailee to transport the goods, which is a duty imposed by law upon common carriers, and as agent to collect the price of the goods, which is not a duty imposed by law, but is a matter of private contract, express or implied, which the carrier may enter into or refuse at its option. [27 A.L.R.2d at 1324]
Accord, e.g., Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370, 1375 (9 Cir.1978); National Van Lines, Inc. v. Rich Plan Corp., 385 F.2d 800, 802 (5 Cir.1967); Bond Rubber Corp. v. Oates Bros., 136 Conn. 248, 70 A.2d 115, 117 (Sup.Ct.Err. 1949); Joseph Mogul, Inc. v. C. Lewis Lavine, Inc., 247 N.Y. 20, 159 N.E. 708 (Ct.App. 1928). As explained in the Cermetek case:
A carrier who enters into a C.O.D. contract is acting in two separate capacities. The first is that of a common carrier and bailee. As such, he has all of the common law duties: to receive, transport, care for and deliver goods. These are the duties in all carriage contracts. The second capacity is either that of an agent of the shipper to collect or that of an agent to sell. By such C.O.D. contract, the carrier assumes a duty he would not have under the common law. Breaches of the two different sets of duties call for different measures of damages.
[573 F.2d at 1375]
Here, the terms of the contract are clear and simple: Frey's (and therefore Cassway's) agreed to release the goods to plaintiff's consignee only upon receipt of cash or a certified *498 check and to remit either the cash or the certified check to plaintiff. Plaintiff, on the other hand, agreed to pay a C.O.D. fee for this service. The effect of this contract was to create an agency in Frey's (which Frey's subsequently delegated to Cassway's) to collect a debt for plaintiff. The standard of care applicable to an agent given such a task is well defined:
An agent to collect a debt or claim must exercise ordinary care, skill, and diligence in the performance of all the duties incident to the undertaking, and will be liable to his principal for any loss which his negligence in this respect may occasion. If the agent has acted in good faith and with ordinary care, skill, and diligence he will not be liable, except in cases where he has guaranteed the collection; nor will he be liable if the principal himself has prevented him from collecting.
[3 C.J.S. Agency § 304a at 90]
Thus, although for a different reason, we agree with the trial judge that Cassway's was under a duty to exercise ordinary care, skill and diligence in the performance of its undertaking with Frey's and that it breached this duty by accepting as certified a check not bearing a written signature. See Menke v. West Burlington Bd. of Ed., etc., 211 N.W.2d 601, 605-606 (Iowa Sup.Ct. 1973) (holding that certification of a check requires the written signature of a bank officer).
Beyond this, there is another basis to hold that Cassway's was negligent in accepting the check. Stamped on the check received from the consignee were the words "Pay to the order of the Chase Manhattan Bank, N.A." These are words of special indorsement, see N.J.S.A. 12A:3-204(1), such as would be placed on an instrument by its holder upon negotiation. See N.J.S.A. 12A:3-202(2) (indorsement must be written by a holder). This language simply had no purpose on this check when it was negotiated by its drawer to its holder. Clearly, this instrument was a forgery. Cassway's, in the observance of reasonable commercial standards in performing its contractual undertaking to obtain cash or a certified check before releasing the goods, should have observed and discovered this. At the very least, it *499 was placed on notice that the check might have been a forgery and therefore was under a duty to make further inquiry. In this regard, we deem it appropriate to repeat what the trial judge so aptly observed: "A defendant which is in the business of accepting C.O.D. shipments for delivery should reasonably be required to educate its agents and employees as to the identifying characteristics of a certified check."
Contrary to Frey's claim, the trial judge correctly held that plaintiff did not ratify Cassway's conduct by accepting the unsigned check as a certified check. Cassway's failed to prove that plaintiff ratified its conduct in accepting the forged checks. No evidence was offered by Cassway's that plaintiff ever examined the check or that it had actual knowledge that the check was not certified.
Finally, the trial judge's ruling that Frey's was entitled to be indemnified by Cassway's is consistent with and supported by the well-settled principles discussed in Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 80 (1960). See, also, Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566 (1980); Daily v. Somberg, 28 N.J. 372, 385 (1958); Restatement, Restitution, § 96 (1937). Again, no evidence was offered to prove that Frey's handled the forged check or, if it did, that it did any more than forward it to plaintiff. More importantly, Frey's had no duty to inspect the check. It delegated to Cassway's the duty of collecting the cash or certified check upon delivery of the goods. Once the goods were delivered, the contractual undertaking was completed. Since liability was imposed upon Frey's solely by virtue of its agency relationship with plaintiff, it was entitled to be indemnified by Cassway's for all sums it was compelled to pay plaintiff by reason of the latter's negligence.
Accordingly, the judgment under review is affirmed.
NOTES
[1] Even if Cassway's duty of care in this case was governed by the statutory duty to make delivery, which it is not, the applicable statute would not be N.J.S.A. 12A:7-404. Because the shipment here crossed state lines, the duty of delivery was governed by the Federal Bill of Lading Act, 49 U.S.C.A. § 81 et seq.