231 N.J. Super. 562 (1989)
555 A.2d 1183
VIOLET INSINGA AND ANTHONY INSINGA, HER HUSBAND, PLAINTIFFS,
v.
JOSEPH HEGEDUS, INDIVIDUALLY AND T/A LAKELAND MOBILE HOME PARK, DEFENDANT/THIRD-PARTY PLAINTIFF-RESPONDENT,
v.
JOAN HEGEDUS, INDIVIDUALLY AND T/A LAKELAND MOBILE HOME PARK, THIRD-PARTY DEFENDANT-RESPONDENT, AND EXCELSIOR INSURANCE CO., THIRD-PARTY DEFENDANT-APPELLANT, AND LIBERTY MUTUAL INSURANCE CO. AND CHARLES F. COLLIVER AGENCY, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1989.
Decided March 27, 1989.
*563 Before Judges PRESSLER, O'BRIEN and STERN.
William J. Pollinger, attorney for Third-Party Defendant-Appellant (John A. Fearns, on the brief).
Kenneth J. Fost, attorney for Third-Party Defendant-Respondent Joan Hegedus (John E. Nolan, on the brief).
No appearance was submitted for Defendant/Third-Party Plaintiff-Respondent Joseph Hegedus.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
In Barbara Corp. v. Bob Maneely Ins. Agency, 197 N.J. Super. 339 (App.Div. 1984), app. dism. 102 N.J. 339 (1985), we held that a policy of casualty insurance will be deemed automatically renewed if the insurer fails to give the insured notice of the expiration date and the advice that if the stated renewal premium is not timely paid, the policy will not be renewed. The question before us is whether the automatic renewal rule applies if the broker has given that notice to the insured and the insured responds to the broker by affirmatively declining the opportunity to renew. In our view, the answer to this question must be in the negative. Accordingly, we reverse the summary judgment here appealed from which was based on the Barbara rule.
The essential procedural and substantive facts are not in dispute. Defendant Joseph Hegedus and his wife, Joan Hegedus, *564 owned a mobile home park which they operated as an unincorporated business. In March 1982 plaintiff Violet Insinga, a resident of the park, slipped on an accumulation of ice on the premises and, joined by her husband who sued per quod, brought this negligence action in June 1983 against Joseph Hegedus. Joseph Hegedus then filed the third-party complaint which engages us here in which he sought contribution from Joan Hegedus, to whom he was married when Mrs. Insinga fell but from whom he was thereafter divorced. He also joined as third-party defendants in what was, in effect, a declaratory judgment coverage action, his insurer Excelsior Insurance Company[1] and his broker, Charles F. Colliver Agency. Joan Hegedus counterclaimed against Joseph Hegedus and cross-claimed against Excelsior and Colliver. As we understand the record, the Insinga complaint was in due course severed from the third-party complaint and ultimately disposed of in the manner hereafter described.
With respect to the third-party complaint, Excelsior moved in October 1984 for summary judgment dismissing the coverage complaint against it. According to the undisputed facts then relevant, its three-year casualty policy, which would have covered the risk here in issue, expired in September 1981. Excelsior stipulated that it had not sent a notice to the Hegeduses advising them that the policy would expire if the stated renewal premium were not paid. Based on those essential facts, the trial judge, relying on Citta v. Camden Fire Insurance Assoc., Inc., 152 N.J. Super. 76 (App.Div. 1977), dismissed the third-party complaint as against Excelsior. Our decision in Barbara, which traced the regulatory history since Citta and concluded that N.J.A.C. 11:1-5.5, now 11:1-5.2, mandated an automatic renewal rule in these circumstances, was filed a month or two later. The Hegeduses filed a motion for reconsideration, which *565 was held in abeyance pending the Supreme Court decision in Barbara, which was anticipated in view of the right to appeal conferred by reason of the dissenting opinion therein filed. Unfortunately, neither the court nor the parties became aware that the appeal in Barbara pending in the Supreme Court had been dismissed in October 1985 on the basis of a stipulation of dismissal, and it was not until October 1987 that Excelsior's original reconsideration motion was heard. The trial judge who heard that motion concluded that Barbara applied as a matter of law, vacated the original summary judgment in favor of Excelsior, and entered summary judgment in favor of the Hegeduses on their coverage claims against Excelsior. He thereafter denied Excelsior's motion to reconsider this determination. Excelsior appeals from the summary judgment entered on the Hegeduses' reconsideration motion and the denial of its subsequent reconsideration motion.
As we understand the record, Excelsior's opposition to the summary adjudication of coverage was based on the circumstance that between the time of the original pre-Barbara adjudication in its favor and the 1987 reconsideration, the remaining portion of the third-party complaint, that is the claims of the Hegeduses against the broker Colliver, were tried before a jury. The gravamen of the claim was, inevitably, that the broker was at fault for the lapse in insurance coverage. The broker defended that claim on the factual assertion that it had in fact sent the Hegeduses a notice of premium due and that Mr. Hegedus had telephoned to advise the broker that he was selling the business and moving to Florida and, therefore, was declining to renew the insurance. The claim was decided in favor of the broker on the basis of these two interrogatories submitted to the jury:
1. Did the actions by the Charles F. Colliver Agency reasonably lead Joseph Hegedus to rely on the agency to give him notice that his policy would expire on September 15, 1981?
2. Was notice given to Joseph Hegedus that his policy would expire unless renewed?
*566 The jury answered the first question in the affirmative. It also, however, answered the second question in the affirmative as well, evidently having accepted the testimony of the broker respecting the precise circumstances of the non-renewal.
To complete the factual recitation, we note that following the adjudications on the third-party complaint which are the subject of this appeal, the underlying action from which the third-party complaint had been severed was settled among all of the then participating parties. The terms of the settlement agreement placed on the record were that the plaintiffs Insignas would accept the sum of $20,000 in full settlement of their personal injury and per quod claims. That sum would not, however, be paid until appellate review of the coverage issue. If we were to affirm, then Excelsior would pay that settlement with interest. If we were to reverse, thus placing the financial obligation on the Hegeduses, they agreed that Joseph Hegedus would pay $12,500 with interest and Joan Hegedus would pay $7,500 with interest.[2]
Addressing now the legal issue before us, we first endorse the essential rationale of the majority opinion in Barbara. We do not, however, believe that that endorsement leads to the conclusion reached by the trial judge here. The point of Barbara is that an insured has the right to expect receipt of a notice from his insurance company regarding the imminent expiration of his casualty insurance so that he can protect himself and avoid a lapse in coverage. That right of the insured imposes a concomitant obligation on the insurer, referred to by Barbara as nondelegable, to provide the insured with appropriate notice. If the insurer fails to do so, then the policy is deemed automatically renewed. Here, however, the insured did not suffer a lapse of coverage by reason of not *567 having received an appropriate notice. By a finding of fact made in this very action and therefore clearly binding upon the insured,[3] a jury determined that the insured did receive proper and timely notice, albeit from the broker if not the insurer, and had made a conscious, voluntary and deliberate decision not to renew. Thus, the insureds' loss was caused by their own action and not by any inaction of the insurer. Moreover, we are satisfied that our reference to nondelegability in Barbara was intended to make clear that the insurer cannot avoid responsibility for the insured's failure to receive notice, at least in the form of a renewal-premium bill, by claiming that it is the broker who is primarily responsible for sending such notices to the insured. We clearly did not intend to hold that if the broker did send an effective, proper and timely notice, the insurer would be deprived of the benefit thereof. Obviously, then the nondelegability to which we referred in Barbara is a nondelegability of responsibility for performance, not nondelegability of the performance itself. See 3 Restatement, Contracts 2d, § 318 at 19 (1981).
Our insurance law is predicated upon our insistence that the insurance industry deal with its insured scrupulously, fairly and in good faith. Bowler v. Fidelity & Casualty Co. of N.Y., 53 N.J. 313, 327 (1969). This principle does not, however, require coverage where the insured knowingly and voluntarily rejects a renewal offer. For the foregoing reasons, we are satisfied that the original summary judgment dismissing the coverage action as against Excelsior should have been confirmed on the motion for reconsideration.
The orders appealed from are reversed, and the matter is remanded for entry of judgment striking the coverage complaint against third-party defendant Excelsior.
NOTES
[1] A coverage claim was also made against third-party defendant Liberty Mutual Insurance Company which was not pursued, apparently because that insurer was not at risk.
[2] We point out that by this last agreement it appears that Joseph and Joan Hegedus also settled all the claims made as between them respecting the lapse of the insurance and the ultimate responsibility for the Insigna damages.
[3] See Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463 (1969); Rush, Urology Assoc. v. Kuhn, Smith & Harris, 193 N.J. Super. 389 (App.Div. 1984), certif. den. 99 N.J. 142, 143 (1984). Cf. United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co., 74 N.J. 92 (1977).