240 N.J. Super. 104 (1990)
572 A.2d 671
RAMON ECHEVARIAS, PLAINTIFF,
v.
I. LOPEZ, R. LOPEZ, D. ALVARINO AND F. ALVARINO, DEFENDANTS, THIRD-PARTY PLAINTIFFS,
v.
PREFERRED MUTUAL INSURANCE CO., THIRD-PARTY DEFENDANT-APPELLANT,
v.
CHAPMAN INSURANCE AGENCY, INC., DONALD P. ZEHNER, IND. AND T/A DON ZEHNER AGENCY, RUDOLFO ESPINOSA, IND. AND T/A CHAPMAN INSURANCE AND TRAVEL, THIRD-PARTY DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1989.
Decided April 16, 1990.
*105 Before Judges MICHELS, R.S. COHEN and BROCHIN.
Anthony P. Pasquarelli argued the cause for third-party defendant-appellant (Methfessel & Werbel, attorneys, Anthony P. Pasquarelli, on the brief).
*106 Michael D. Suarez argued the cause for third-party defendants-respondents Chapman Insurance Agency Inc. and Rudolfo Espinosa (Suarez & Suarez, attorneys, David J. McKenna, on the letter brief).
Karl A. Fenske argued the cause for third-party defendant-respondent Donald P. Zehner (John S. Hoyt, III, attorney, Karl A. Fenske, on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
Plaintiff was a tenant at premises in Elizabeth owned by defendants Lopez and Alvarino. He started this action against them, charging that their negligence caused him to fall and injure himself on the premises on May 27, 1985. Lopez and Alvarino, in turn, filed a third-party complaint for indemnification and defense against Preferred Mutual Insurance Company (Preferred) and insurance agents Zehner and Chapman. Cross-claims followed among the third-party defendants for indemnification and contribution.
The Law Division ordered Preferred to defend and indemnify defendants Lopez and Alvarino. Preferred undertook the defense and ultimately settled with plaintiff for $50,000. Cross-motions for summary judgment were then made among the third-party defendants. The Law Division dismissed all claims against the agents Chapman and Zehner, with the exception that Zehner was ordered to pay Preferred one-year's premium on the Lopez-Alvarino policy. Zehner was granted summary judgment on its claim against Preferred for indemnification. Preferred appealed from the summary judgments against it.[1] We affirm in part and reverse in part.
*107 Lopez and Alvarino were insured by a Preferred policy that ran from April 12, 1982 to April 12, 1985, 45 days before plaintiff's accident. Some months earlier, Preferred had written to Zehner, its own agent, inquiring whether the Lopez-Alvarino policy and seven others should be renewed, since renewal was not automatic. Zehner replied in writing that the Lopez-Alvarino policy should not be renewed. Preferred therefore did not renew, but it did not send notice to the policyholders of its intention not to renew.
It is not clear why Zehner instructed Preferred not to renew. The Chapman Agency, which was acting as broker for Lopez and Alvarino and had obtained the 1982-85 Preferred policy through Zehner, received money from the policyholders for renewal premium payments and, according to Chapman, sent the money to Zehner. Zehner says he received the renewal premium payments, but only after the expiration of the Preferred policy, and he was trying to place the risk with other companies. He ultimately did bind the risk with another insurer, but only after plaintiff's fall. No one at Chapman, according to Zehner's deposition, had specifically told him not to renew the Preferred policy. He was, however, aware that Chapman was placing policies through other agents.
The summary judgment for Lopez and Alvarino against Preferred was squarely and exclusively based on Preferred's failure to give Lopez and Alvarino notice of nonrenewal. It was not based on Preferred's responsibility for Zehner's conduct.
Preferred's policy contained a provision required by statute and regulation obligating Preferred to give its insureds 30 days' written notice of its "intent not to renew." N.J.S.A. 17:29C-1; N.J.A.C. 11:1-5.2. See Barbara Corp. v. Bob Maneely Ins. Agency, 197 N.J. Super. 339, 484 A.2d 1292 (App.Div. 1984). Preferred interprets the notice obligation to apply only where it is the insurer that decides not to renew, but not where the insured makes the decision. We need not decide whether the notice obligation exists where the insurer has a direct *108 communication from the insured telling it not to renew. That is not the case here. Preferred heard only from Zehner, its own agent, who was not even in contact with the insured parties. See Liguori v. Aetna Cas. & Sur. Co., 119 R.I. 875, 384 A.2d 308 (1978). See also Trinity Universal Ins. Co. v. Burnette, 560 S.W.2d 440 (Tex.Civ.App. 1977).
If an insurer subject to the provisions of N.J.S.A. 17:29C-1 and N.J.A.C. 11:1-5.2 determines for any reason, including instructions not to renew from any source other than the insured, not to issue a renewal policy it must give the required 30 days' written notice directly to the insured. The purpose of the required notice is to give the insured the opportunity to guard against the peril of noncoverage, a peril which, as this case shows, can arise out of miscommunication among brokers, agents, insureds and carriers. The carrier may not rely on the assurance of its agent or a broker that a policy should not be renewed. Thus, the order requiring defense and coverage was soundly based on Preferred's failure to afford notice.
Some weeks after that order was entered, the cross-motions among the third-party defendants for indemnification were argued. The judge held that Preferred's cross-claim against Zehner was defeated by Regino v. Aetna Cas. & Sur. Co., 200 N.J. Super. 94, 490 A.2d 362 (App.Div. 1985). He also ruled that Zehner's sole liability to Preferred was for the omitted premium and granted Zehner's cross-claim for indemnification against Preferred.[2]
The summary judgment orders did not dispose of the third-party claim of Lopez and Alvarino against Zehner. Lopez and *109 Alvarino did not move for summary judgment against Zehner when they moved against Preferred. Zehner did not move for summary judgment dismissing their action against him.
That cause of action remains unresolved today. In all likelihood, Lopez and Alvarino have no present interest in pursuing it, because they have achieved their litigation goal by winning indemnification from Preferred. The problem, however, is that it has never been decided whether Zehner's fault contributed to creating the loss of insurance coverage. And, in the absence of that decision, the matter of indemnification between Preferred and Zehner cannot be completely determined.
Regino v. Aetna Cas. & Sur. Co., supra, does not resolve the matter. Regino had an Aetna policy covering various equipment he owned. He bought a front-end loader and called his insurance broker, an Aetna agent, who orally bound the coverage with Aetna, but failed to follow up by making a written request to Aetna to add the machine to the policy. When it was stolen, Aetna declined to pay on the ground that it was not a covered piece of equipment.
Regino sued Aetna and the agent, who asserted cross-claims against each other. Regino moved for summary judgment against both defendants. Summary judgment was granted against the agent on the issue of liability. It was denied as to Aetna, for reasons that do not appear in our published opinion. Since the broker was admittedly Aetna's agent, the basis for the Law Division decision in that respect is not clear. Cf. Mazur v. Selected Risks Ins. Co., 233 N.J. Super. 219, 558 A.2d 508 (App.Div. 1989). Subsequently, the agent was granted summary judgment for indemnity against Aetna. Plaintiff's claim against Aetna was not pursued. Like here, the case left the Law Division only partly decided.
On Aetna's appeal, we affirmed. We reasoned that the agent's negligence in failing to write to Aetna was not the cause of any loss or prejudice to Aetna, since it would have covered the risk if the paperwork had been done. Since the *110 insurance was bound when the agent told Regino he was insured, Aetna's liability to Regino attached. The agent's subsequent negligence did not cancel it. The agent was held responsible to Aetna only for the unpaid premium.
The present case is different. Here, Zehner did not imperfectly bind Preferred to a risk: rather, he negligently told Preferred not to insure at all. His action was not, in effect, the creation of a policy; it was, instead, the cause of its nonrenewal. Regino does not apply where the agent's negligent act was to terminate coverage, and not to create it. Cf. Johnson v. Mac Millan, 233 N.J. Super. 56, 558 A.2d 24 (App.Div. 1989).
Preferred helped to cause its own loss by conduct wrongful to its insured, that is, by failing to notify the insured of its intention not to renew. Although Preferred may have been ill-served by its agent Zehner, it violated a statutory duty which it independently owed to the insured. The direct result of the violation was that Lopez and Alvarino were left unaware that Zehner had told Preferred not to renew and Preferred was following the instruction.
It is well settled that indemnity may not ordinarily be obtained by a party who has been at fault. Ramos v. Browning Ferris Industries, 103 N.J. 177, 190-191, 510 A.2d 1152 (1986); Cartel Capital Corp. v. Fireco of New Jersey, 81 N.J. 548, 566, 410 A.2d 674 (1980). It is the innocent party, whose liability is secondary and arises out of the active wrongful conduct of another, who is entitled to indemnity. Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 80, 159 A.2d 97 (1960). Preferred was held liable to Lopez and Alvarino for its own active fault. For that reason, Preferred's indemnity claim against Zehner was properly denied. But the same principle applies to Zehner's indemnity claim against Preferred. If Zehner was at fault, he is not entitled to obtain indemnification.
The information before the Law Division on the various motions shows plainly that Zehner was negligent. Although no *111 decision on that issue was made in the Law Division, the record is sufficiently clear for us to make it. Without instructions from or notice to the insured parties or their broker, Zehner told Preferred not to renew, and thus left the insureds without insurance protection. We therefore reverse Zehner's judgment for indemnification against Preferred.
We note that cross-claims for contribution were made but not pursued and thus abandoned in the Law Division. We leave for another day the question whether contribution according to the comparative fault of Preferred and Zehner would be appropriate. The parties have not trained their sights on the question, and we will therefore not deal with it unbidden and on our own. We observe only that, if contribution is not an available remedy to parties not entitled to indemnification because of their shared causal fault, the burden of judgment falls wherever the successful plaintiff chooses to place it. That is just the evil that generated the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.2. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 87-89, 110 A.2d 24 (1954); Polidori v. Kordys, Puzio & Di Tomasso, 217 N.J. Super. 424, 429, 526 A.2d 230 (App.Div. 1987); Markey v. Skog, 129 N.J. Super. 192, 199, 322 A.2d 513 (Law Div. 1974).
Affirmed in part; reversed in part.
MICHELS, P.J.A.D. (dissenting in part).
The majority held in part that Preferred is not entitled to indemnification from its agent, Zehner. I disagree and respectfully dissent for the reasons which follow.
As the majority notes, it is unclear why the agent instructed Preferred not to renew the policy. According to Zehner, he assumed that the Chapman Agency insurance policies would be continued by a different agent, and therefore, he wrote to Preferred, advising it not to renew the policy. Thus, the policy did not renew because of Zehner's negligence. Indeed, Preferred *112 would have renewed the policy had Zehner not been negligent in advising Preferred not to do so.
Because the insured did not request the cancellation of its policy, Preferred had a duty to notify the insured of the nonrenewal. Consequently, Preferred is liable in this case because it did not give notice to the insured as required by statute. However, Preferred's liability arose out of its agent's negligent conduct. Preferred's failure to provide the requisite statutory notice was due solely to its agent's negligence. Therefore, Preferred, who is liable to its insured, is entitled to indemnification from its agent, Zehner, whose negligence solely caused the nonrenewal of the policy.
Firmly embedded in our law is the principle that:
A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability. [Restatement, Restitution, § 96 at 418 (1937)].
See also Cartel Capital Corp. v. Fireco, 81 N.J. 548, 566, 410 A.2d 674 (1980); Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 80, 159 A.2d 97 (1960); Daily v. Somberg, 28 N.J. 372, 385, 146 A.2d 676 (1958); The Video Station v. Frey's Motor Express, 188 N.J. Super. 494, 499, 457 A.2d 1217 (App. Div. 1983); Fenwick Machinery, Inc. v. A. Tomae & Sons, Inc., 159 N.J. Super. 373, 380, 388 A.2d 250 (App.Div. 1978) (Michels, J. dissenting), rev'd on dissent, 79 N.J. 590, 401 A.2d 1087 (1979); Male v. Acme Markets, Inc., 110 N.J. Super. 9, 12, 264 A.2d 245 (App.Div. 1970); Public Serv. Elec. & Gas Co. v. Waldroup, 38 N.J. Super. 419, 430, 119 A.2d 172 (App.Div. 1955).
In Adler's Quality Bakery, Inc. v. Gaseteria Inc., supra, 32 N.J. at 80, 159 A.2d 97, our Supreme Court adopted the reasoning expressed by a Pennsylvania court in Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368 (Sup.Ct. 1951):
The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to *113 pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in degrees of negligence or on any doctrine of comparative negligence, * * *. It depends on a difference in the character or kind of wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person * * *. * * * [T]he important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. 77 A.2d, at pages 370, 371.
The general rule governing the duties and liabilities of an insurance agent to the insurer is that "an insurance agent must act in good faith, confine his acts within the scope of his actual authority, obey his principal's instructions, and use due care and reasonable diligence in the transaction of the business entrusted to him." 43 Am.Jur.2d Insurance § 133 at 216 (1982). The agent will be held liable to the insurance company for "the losses resulting proximately from a failure or departure in such duties." Id. Thus, an insurance agent will be held liable "in damages for any loss sustained by the company arising from the agent's breach of duty." 44 C.J.S. Insurance § 158 at 834 (1945). See American Handling Equip. v. T.C. Moffatt & Co., 184 N.J. Super. 131, 445 A.2d 428 (App.Div. 1982) (insurance broker held liable to insurer for any loss occasioned to putative insured by personal injury action where broker, not insurer, led putative insured to believe it was covered by general liability insurance).
According to Appleman:
If an insurance company's agent was negligent or made misrepresentations while acting within scope of his apparent authority and the insurer was held liable to the insured for any resulting loss the insurer would be entitled to obtain indemnification from its agent. [Appleman, Insurance Law and Practice § 8781 at 477 (1981)].
In Trinity Universal Ins. Co. v. Burnette, 560 S.W.2d 440 (Tex.Civ.App. 1977), a somewhat analogous case, the court held that the insurer was entitled to indemnity from its agent whose negligence caused the nonrenewal of the policy. There, Trinity *114 claimed that it was entitled to full indemnification because Davis, its agent, was negligent in erroneously noting on its records that the policy had been renewed. The court held that Trinity had "the right to recover against Davis, the negligent party who in fact caused the nonrenewal of the policy in question." Id. at 443. The court reasoned that "Davis was under a contractual duty to service Trinity's policies  to renew them, to replace them with another company, or to notify policyholders if policies were not being renewed." Id. at 444.
Here, Zehner mistakenly believed that the Chapman Agency would place the coverage with another company. As a result of Zehner's negligence, Preferred did not provide the insured with the requisite statutory notice of nonrenewal. Thus, Preferred became liable to the insured when the latter sustained a loss. Because liability was visited upon Preferred for failure to provide the requisite statutory notice of nonrenewal solely by virtue of Zehner's negligence, Preferred is entitled to be indemnified by Zehner for all losses that it sustained.
Accordingly, I would reverse that portion of the summary judgment entered in favor of Zehner on Preferred's cross-claim for indemnification, enter judgment in favor of Preferred for indemnification against Zehner and remand the matter to the trial court for a trial as to the damages that Preferred sustained as a result of Zehner's negligence. In all other respects I agree with the majority decision.
NOTES
[1] We note that, for reasons that will appear, the orders appealed from were not final, because there are outstanding claims pleaded but never further asserted or decided. We grant leave to appeal on our own motion.
[2] The order also grants Chapman summary judgment. Preferred's notice of appeal mentions that grant as one of the orders appealed. Preferred has, however, not made any arguments before us for reversal of that order. Thus, we treat that part of the appeal as abandoned. Design-4 v. Masen Mountainside Inn, Inc., 148 N.J. Super. 290, 292, 372 A.2d 640 (App.Div. 1977).