247 N.J. Super. 261 (1991)
588 A.2d 1285
MERIC TRUCKING & LEASING CO. PLAINTIFF-RESPONDENT,
v.
PHILIP LEHMAN CO., LTD., DEFENDANT-RESPONDENT, AND AETNA CASUALTY & SURETY CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1991.
Decided April 8, 1991.
*262 Before Judges PETRELLA, BILDER and BROCHIN.
Brian C. Gallagher argued the cause for appellant (Harwood Lloyd, attorneys; Brian C. Gallagher, on the brief).
James Jude Plaia argued the cause for respondent Meric Trucking & Leasing Co.
Joseph M. Suarez argued the cause for respondent Philip Lehman Co., Ltd. (Suarez & Suarez, attorneys; Joseph M. Suarez, of counsel; Joseph M. Suarez and Alan S. Pollack, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
*263 This is an insurance coverage case. Defendant Aetna Casualty & Surety Co. appeals from a summary judgment entered by the Law Division determining that plaintiff Meric Trucking & Leasing Co. was entitled to coverage for a December 1986 injury under a workers' compensation policy. Aetna disclaimed coverage on the basis that the policy had expired prior to the accident; that it had lapsed the preceding June due to nonpayment of the renewal premium. The trial judge granted summary judgment because he found Aetna had failed to give Meric proper notice of its conditional intent not to renew if the premium was not paid. His sole ground for that determination was the uncontested fact that whatever notice Aetna gave was sent 89 days before the expiration of the policy period and his conclusion that, as a matter of law, 89 days notice does not meet the statutory requirement of 30 days written notice.[1]
*264 This determination that Aetna had not given notice rendered all the contested factual issues moot and permitted the entry of the summary judgment. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75, 110 A.2d 24 (1954). The issue before us is thus whether the statutory (or plan) requirement of 30 days can be satisfied by a notice sent 89 days before the expiration of the policy  was such a notice adequate.
Although we have not heretofore dealt with the maximum allowable notice period, we have noted that it is intended as a minimum period, see Barbara Corp. v. Bob Maneely Ins. Agency, 197 N.J. Super. 339, 344, 484 A.2d 1292 (App.Div. 1984), and is a remedial requirement designed to minimize lapses in coverage whether caused by underwriting factors or oversight by the insured. Id. at 345, 484 A.2d 1292. It is intended that the insured receive notice in sufficient time to extend or replace the coverage. "Once the insured receives notice that the carrier has either an absolute or conditional intent not to renew, the insured is then on notice to obtain other coverage or satisfy the preconditions in order to obtain a replacement policy." Ibid. In the absence of such notice, the policy will be deemed to have been automatically renewed. Id. at 346, 484 A.2d 1292.
The point of Barbara is that an insured has the right to expect receipt of a notice from his insurance company regarding the imminent expiration of his casualty insurance so that he can protect himself and avoid a lapse in coverage. That right of the insured imposed a concomitant obligation on the insurer, referred to by Barbara as nondelegable, to provide the insured with appropriate notice. If the insurer fails to do so, then the policy is deemed automatically renewed. [Insinga v. Hegedus, 231 N.J. Super. 562, 566, 555 A.2d 1183 (App. Div. 1989)]
Neither the Commissioner, the legislature nor the insurance policy have spoken to the appropriateness of an 89 day renewal notice for a workers' compensation policy. There is, however, a regulation which has been adopted with respect to commercial insurance policies generally (specifically excepting, inter alia, workers' compensation insurance) which does speak to the subject.

*265 No notice of nonrenewal shall be valid unless it is mailed or delivered by the insurer to the insured not more than 120 days nor less than 30 days prior to the expiration of the policy. [N.J.A.C. 11:1-20.2(b)]
Since the considerations underlying notice provisions to the insured are substantially no different for workers' compensation insurance than other forms of commercial policies, i.e., to insure sufficient notice to renew or to obtain other coverage, in the face of a determination by one with special expertise in the field that 120 days is not too early for other forms of renewable insurance policies, it cannot be said the 89 days in this case was not appropriate and did not satisfy the 30 day requirement of the Workers' Compensation Insurance Plan. We hold the 89 days met the time requirements.
Since the question of the adequacy of the renewal notice will necessarily be before the trial judge on remand, we note as applicable to this controversy Echevarias v. Lopez, 240 N.J. Super. 104, 108, 572 A.2d 671 (App.Div. 1990) (notice must be given directly to the insured) and Cervone v. N.J. Auto. Full Ins., 239 N.J. Super. 25, 27, 570 A.2d 999 (App.Div. 1990) (if insured fails to comply with conditional offer to renew by not sending the premium within time, the policy lapses and no notice of cancellation need be mailed).
Aetna also appeals from a summary judgment dismissing its claims against the broker, defendant Philip Lehman Co., Ltd., for contribution and indemnification. It contends Lehman was negligent in failing to notify Meric of the pending lapse in coverage and ensuring the continuation of adequate insurance. As to the indemnification claim, the contention is without merit. See Echevarias v. Lopez, supra, 240 N.J. Super. at 110, 572 A.2d 671. However, the same may not be true as to the contribution claim. Id. at 111, 572 A.2d 671. As to this, the existence of genuine issues as to material facts bars summary judgment. See Judson v. Peoples Bank & Trust Co. of Westfield, supra, at 73-75, 110 A.2d 24 (1954).
*266 Our remand moots the remaining issues.
Reversed.
NOTES
[1] N.J.S.A. 17:29C-1 authorizes the Insurance Commissioner to direct that policies include a provision "whereby 30 days' written notice shall be given; ... (3) to the insured, of intent not to renew any such policy."

Paragraph 11 of the New Jersey Workers Compensation Insurance Plan, approved by the Commissioner, provides:
It shall be the obligation of the insurance company to arrange to afford renewal insurance for each employer insured by it in accordance with the provisions of this Plan. Approximately thirty days prior to the renewal date, the insurance company shall arrange for the particulars incident to the renewal of the insurance and provided the deposit premium is paid by the employer prior to the renewal date, the renewal insurance shall be issued without lapse.
In the event that the deposit premium is not paid prior to the renewal date, the insurance company is authorized to defer the effective date of the renewal insurance until 12:01 A.M. on the day following receipt of payment.
If insurance is not effected within sixty days of expiration the insurance company shall notify the Rating Bureau and furnish complete particulars of its efforts to effect insurance. The Rating Bureau shall inform the employer and designated producer, if any, and in the absence of premium payment leading to the issuance of insurance shall relieve the insurance company of any further responsibility.