158 N.J. Super. 176 (1978)
385 A.2d 922
ROY ALLEN HOPKINS, PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
LIBERTY MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1978.
Decided February 3, 1978.
Supplemental Opinion March 27, 1978.
*178 Before Judges ALLCORN, MORGAN and HORN.
Mr. Robert J. Partlow argued the cause for appellant (Messrs. Parker, McCay & Criscuolo, attorneys; Mr. Richard E. Gehret, on the brief).
Mr. J. Llewellyn Mathews argued the cause for respondent (Messrs. Apell, Forman and Howard, attorneys).
The opinion of the court was delivered by MORGAN, J.A.D.
This opinion supplements and clarifies our opinion of February 3, 1978, 156 N.J. Super. 72, concerning the issue of prejudgment interest in accordance with the parties' request.
The trial court judgment rejecting interest pursuant to N.J.S.A. 39:6A-5(b) and (c) is affirmed substantially for the reasons given by the trial judge in his oral opinion of March 25, 1977. In substance, the judge ruled that the defense asserted was a matter of novel impression and of some substance. We agree with this evaluation. Although N.J.S.A. 39:6A-5(b) and (c) speak in mandatory terms as to the allowance of interest at the rate of 10% per annum, discretion is imported into this enactment by the provision excusing payment of the statutory rate of interest where the insurer "has reasonable proof to establish that the insurer is not responsible for the payment * * *." Hence, where a court determines that a tendered defense to payment is of such substance that its validity should be judicially settled, payment of interest at the statutory rate, which is in excess of the legal rate of interest, is excused. We do not conceive Ortiz v. Safeco Ins. Co., 144 N.J. Super. 506 (App. Div. 1976), certif. den. 73 N.J. 63 (1977), as taking a contrary view. We agree with Ortiz that the subjective good faith of the carrier in interposing a defense to payment is immaterial. Rather, the determining factor is the objective merit of the defense, whatever way it is ultimately decided  not the good or bad faith of the carrier *179 in asserting it. Hence, a frivolous defense tendered in complete good faith as to its validity will not be held to excuse payment of the statutory interest.
We do not, however, read N.J.S.A. 39:6A-5(b) and (c) as impliedly forbidding assessment of prejudgment interest at the legal rate whenever it is determined that the statutory rate of interest will not be exacted. Prejudgment interest may run on liquidated claims, not as a matter of right, but rather in accordance with equitable principles and in the court's discretion. See Bak-A-Lum Corp. v. Alcoa Building Prod., 69 N.J. 123, 131 (1976). Any such interest awarded should, however, run from the date the statute specifies the monies payable as being due.
Hence, in clarification of the interest issue, the judgment with respect thereto is affirmed and the case remanded to the trial court for any further action it deems proper with respect to this issue.