200 N.J. Super. 94 (1985)
490 A.2d 362
THOMAS REGINO, IND., AND T/A THOMAS REGINO & SONS, PLAINTIFFS-RESPONDENTS,
v.
AETNA CASUALTY & SURETY COMPANY, DEFENDANT-APPELLANT, AND ADAMS, HOPKINS & ASSOCIATES, DEFENDANT-RESPONDENT, CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1985.
Decided March 28, 1985.
*97 Before Judges McELROY, DREIER and SHEBELL.
Joel A. Greenberg argued the cause for appellant Aetna Casualty & Surety Company (Horn, Kaplan, Goldberg & Gorny, attorneys; Joel A. Greenberg, on the brief).
Lars S. Hyberg argued the cause for cross-appellant Adams, Hopkins & Associates (Valore, McAllister, Westmoreland, Gould, Vesper & Schwartz, attorneys; Lars S. Hyberg, on the brief).
Samuel Mandel argued the cause for respondent (Uliase, Aberman & Mandel, attorneys; Samuel Mandel and Pamela S. Acree, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiff filed suit seeking to recover the value of a stolen front-end loader. He alleged he insured the front-end loader through his insurance broker, defendant Adams, Hopkins & Associates, and that the broker in turn obtained the insurance from defendant Aetna Casualty & Surety Company. Plaintiff reported the loss, but his claim was denied by Aetna. Aetna acknowledged the broker was its agent but maintained the front-end loader was not included in the equipment Aetna covered for plaintiff.
Aetna filed an answer to plaintiff's complaint denying any obligation to plaintiff and asserting cross-claims for indemnification and contribution against Adams. Adams in its answer denied liability to plaintiff and asserted a cross-claim for indemnification and contribution against Aetna. Plaintiff moved for summary judgment against both defendants on the issues of liability and the value of the loss, reserving for trial his claim for consequential damages. Partial summary judgment on *98 liability only was granted against Adams but denied as to Aetna. The question of damages as against Adams was tried and judgment was entered in the sum of $26,167.13. Plaintiff's application for counsel fees against Adams was also denied. Later Adams' indemnification cross-claim against Aetna was heard on cross-motions for summary judgment by the defendants at which time plaintiff moved for counsel fees against both. The motion judge granted Adams' cross-claim for indemnification against Aetna but denied it interest and counsel fees. Plaintiff's motion for counsel fees was also denied. Aetna appeals from the indemnification order, Adams appeals denial of its right to interest, costs and counsel fees, and plaintiff appeals the denial of counsel fees.
It appears that after plaintiff purchased the front-end loader he called Adams to request insurance coverage. Adams telephoned Aetna and verbally bound the coverage. Adams, however, failed to confirm the oral binder by a written request, and as a result the machine was not added to plaintiff's policy. Plaintiff did not become aware of the lack of coverage because his premiums were financed through a finance company.
Aetna asserts that the trial court erred in granting indemnification to Adams noting that at common law an agent is not entitled to indemnification from a principal for damages paid to a third party where those damages were caused by the negligence of the agent. See Wood v. Holiday Inns, Inc., 508 F.2d 167 (5th Cir.1975); Cozzi v. Owens Corning Fiber Glass Corp., 63 N.J. Super. 117, 121 (App.Div. 1960).
We do not accept the broad principle espoused by Aetna as compelling a holding that no indemnification can be obtained whenever the agent is in any way at fault. Adams was at fault only in failing to procure a written policy of insurance by confirming the oral binder: we cannot conclude from this that his negligence was the "cause" of Aetna's loss in paying the insured when the loss occurred. The negligence of the agent caused no prejudice nor loss to Aetna. It was bound *99 as of the time its agent confirmed the insurance to plaintiff and would have just as surely had to pay the loss whether or not the agent forwarded the necessary written confirmation of coverage. Where the agent has failed to carry out that duty the agent is responsible for any unpaid premiums, as may be the insured, but the insurer is liable nonetheless to the insured for the loss. See generally Annotation, "Liability of Insurance Agent, for Exposure of Insurer to Liability, Because of Failure to Fully Disclose or Assess Risk or to Report Issuance of Policy," 35 A.L.R.3d 821 (1971).
We hold that because the insurer has failed to demonstrate that it would not have insured the loss had the agent acted properly, it cannot claim that the loss was "proximately caused by" the agent's negligence. Fidelity & Cas. Co. v. Arcadia Valley Realty, 636 S.W.2d 388 (Mo. Ct. App. 1982); Hays v. Farm Bureau Mutual Insurance Co., 225 Kan. 205, 589 P.2d 579 (1979); Julien v. Spring Lake Park Agency, Inc., 283 Minn. 101, 166 N.W.2d 355 (1969). Aetna did not attempt to establish it would not have insured the risk; it insured plaintiff's other business-insurance needs and issued an oral binder on the stolen equipment. In these circumstances Adams' negligence was not the proximate cause of Aetna's liability. Even if Adams had not been negligent, the theft still would have occurred and Aetna would have covered it. We find indemnification was correctly granted to Adams.
Adams argues that interest should be allowed from the time Adams paid plaintiff's judgment, pointing out it was deprived of the use of the money and Aetna has unjustifiably benefited. The allowance of interest here was subject to the trial court's discretion as guided by the equities of the case. Mehta v. Johns-Manville Products Corp., 163 N.J. Super. 1, 6 (App.Div. 1978); Hopkins v. Liberty Mutual Ins. Co., 158 N.J. Super. 176, 178-79 (App.Div. 1978); Bak-A-Lum Corp. v. Alcoa Bldg. Prod., 69 N.J. 123, 131 (1976). We find no abuse of discretion where as here the facts and law were unsettled. *100 Aetna had no confirmation of the oral binder in their records and was asked to pay based only upon acceptance of the agent's word that the request for coverage had been phoned in to the company approximately two years prior to the loss. No written confirmation had been sent, no policy of insurance issued, and no premiums received. Further, no reported cases in this jurisdiction had established that an agent was entitled to indemnification from his principal in these circumstances. We are unable to conclude that the equities compel payment of interest to Adams.
The trial judge denied Adams' request for costs under R. 4:42-8(a) citing "the same reasons" given in denying interest. Unlike interest, costs are not discretionary. The rule requires that a prevailing party receive costs. However, requisite proof of costs under R. 4:42-8(c) does not appear in the record available to us. Therefore, application for costs should be renewed in the trial court.
We have carefully considered the request of both Adams and plaintiff for counsel fees. There is no authority for the awarding of counsel fees in either instance. It is argued that R. 4:42-9(a)(6), which permits counsel fees to a successful claimant "[i]n an action upon a liability or indemnity policy of insurance," is applicable. It is not. Adams was not a claimant suing on an insurance policy and plaintiff's suit, although arguably upon an insurance policy, was not "upon a liability or indemnity policy of insurance." See Vesley v. Cambridge Mutual Fire Ins. Co., 189 N.J. Super. 521, 522 (App.Div. 1981), aff'd 93 N.J. 323 (1983); Kistler v. N.J. Mfts. Ins. Co., 172 N.J. Super. 324, 331 (App.Div. 1980).
We affirm the trial court's judgment granting indemnification and denying counsel fees and interest. We reverse the denial of costs to Adams and remand for compliance with R. 4:42-8(c).