728 A.2d 338 (1999)
321 N.J. Super. 216
TWC REALTY PARTNERSHIP, Plaintiff-Respondent,
v.
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF EDISON, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 21, 1999.
Decided May 13, 1999.
*339 Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco, Warren, for defendant-appellant (Jeffrey B. Lehrer and Albert E. Cruz, on the brief).
John Wiley, Jr., Metuchen, for plaintiff-respondent.
Before Judges STERN, LANDAU and WECKER.
PER CURIAM.
Concluding that it lacked jurisdiction, the defendant Zoning Board of Adjustment of the Township of Edison (Board) declined to consider an application for use and bulk variances submitted by plaintiff TWC Realty Partnership (TWC) for construction of a large congregate care facility for the elderly in the Township's Light-Industrial Zone. TWC successfully challenged this determination in the Law Division, and the Board has appealed. Upon consideration of the arguments presented, we affirm the decision reversing the Board's jurisdictional determination, substantially for the reasons expressed by Judge Wolfson in his opinion, reported as TWC Realty v. Zoning Board of Adjustment of Township of Edison, 315 N.J.Super. 205, 717 A.2d 439 (Law Div.1998).
The award of costs, also challenged on appeal, was consistent with R. 4:42-8(a) which provides in pertinent part: "Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party". See Gallo v. Salesian Soc'y, Inc., 290 N.J.Super. 616, 660, 676 A.2d 580 (App.Div.1996); Regino v. Aetna Cas. & Sur. Co., 200 N.J.Super. 94, 100, 490 A.2d 362 (App.Div.1985)(rule generally requires that prevailing party receive costs.)
On its motion for reconsideration, the Board sought relaxation of the costs rule, citing its limited resources as a governmental entity and the novelty of the legal issues involved. Its request was denied. In light of the high threshold imposed for exercise of the court's limited discretion respecting costs[1], and absent a specific statutory or Rule provision respecting local government entities, we cannot say that discretion was abused. See Children's Inst. v. Verona Twp. Bd., 290 N.J.Super. 350, 358, 675 A.2d 1151 (App.Div.1996) (No abuse of discretion in awarding costs of transcript against Board of Adjustment); Cox, New Jersey Zoning and Land Use Administration, Sec. 22-4.
Affirmed.
NOTES
[1] "[D]enial [of costs] requires special reasons beyond those justifying, for example, a denial of interest." Pressler, Current N.J. Court Rules, Comment R. 4:42-8(a).