872 A.2d 137

JERSEY URBAN RENEWAL, LLC, PLAINTIFF–APPELLANT, v. CITY OF ASBURY PARK, CITY COUNCIL OF THE CITY OF ASBURY PARK, AND CITY OF ASBURY PARK PLANNING BOARD, DEFENDANTS–RESPONDENTS, AND ASBURY PARTNERS, LLC, DEFENDANT/INTERVENOR–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 20, 2005—Decided May 5, 2005.

Before Judges CONLEY, BRAITHWAITE and WINKELSTEIN.

*Bowe & Fernicola,* attorneys for appellant (*Paul V. Fernicola,* of counsel; *Mr. Fernicola* and *Anthony T. Betta,* on the brief).

*Ansell Zaro Grimm & Aaron,* attorneys for respondent City of Asbury Park (*James G. Aaron,* of counsel; *Mr. Aaron* and *Barry M. Capp,* on the brief).

*Jack A. Serpico,* attorney for respondent City of Asbury Park Planning Board.

*Becker Meisel,* attorneys for intervenor (*Martin L. Borosko, Daniel J. O'Hern, Jr.,* and *Daniel L. Pascoe,* on the brief).

Respondent City Council of Asbury Park has not filed a brief.

The opinion of the court is delivered by

234

CONLEY, P.J.A.D.

Plaintiff, owner of a dilapidated apartment building in defendant City of Asbury Park's Waterfront Redevelopment Zone,[1] applied to defendant Planning Board for site plan approval of proposed renovation of the building. Defendant Asbury Park and intervenor Asbury Partners, LLC, the designated Redevelopment Master Developer, objected, contending that under the City's Redevelopment Plan and the City's Agreement with intervenor, plaintiff was required to, but did not, obtain (1) status as a subsequent developer, (2) approval of the Technical Review Committee (TRC), and (3) approval of the Mayor and City Council, before it could proceed with its site plan application. Defendant Planning Board agreed. In effect, it deemed the application incomplete without the necessary approvals. Plaintiff filed a complaint in lieu of prerogative writs to compel the Planning Board to exercise jurisdiction. The judge agreed with defendants and intervenor and dismissed the complaint on summary judgment. On appeal, plaintiff contends that the judge erred because (1) plaintiff was entitled to proceed with its site plan application under the Municipal Land Use Law (MLUL), *N.J.S.A.* 40:55D–1 to –163, and the Local Redevelopment and Housing Law (LRHL), *N.J.S.A.* 40A:12A–1 to –49, and (2) the redevelopment plan does not apply because it was "merely renovating an existing building," as opposed to a redevelopment project under the Plan. We disagree and affirm.

At the time plaintiff purchased the property, the Waterfront Redevelopment Zone was governed by the provisions of the City's March 2002 Waterfront Redevelopment Plan, adopted by Ordinance 2607, and by the Amended and Restated Redeveloper and Land Disposition Agreement between the City and intervenor. Among the Plan's objectives are the preservation and reuse of historic buildings, and the development of "new residential build-

---

[1] Plaintiff's building, located at 212 Second Avenue (Block 159, Lot 26), is a twenty-four unit apartment building that has been vacant for many years and is boarded up. Plaintiff has proposed a "redevelopment, rehabilitation, reconstruction" twenty-unit condominium project at a cost of $757,000.

ings that are compatible with and extend Asbury Park's special Oceanside character in a contemporary way." The Plan includes Block 159 within the "prime renewal area." It is among the four blocks between First and Fifth Avenues on the east and west, and Kingsley and Bergh Streets on the south and north, in which

> [a] series of new, small-scale public streets will be developed. . . . These mews, or courts, will be located, approximately, at the midpoint of each block and will be aligned parallel to Kingsley and Bergh Streets. . . . Townhouse dwellings will be organized along the edges of the mews, with the mews serving as entrance courts. Access to interior parking structures will be possible through the mews.

Under the Plan, nine new buildings of varying heights will be constructed on Block 159. There is no setback, so that the "building façades define the street edge." Block 159 will contain 204 dwelling units, with a two-level parking garage in the center.

The Plan delineates the standards applicable to all properties in the zone. It is, as such, the zoning ordinance for that part of Asbury Park. As we observed in *Hirth v. City of Hoboken,* 337 *N.J.Super.* 149, 164–65, 766 *A.*2d 803, 811 (App.Div.2001):

> When an area is found to be blighted, the adoption of a redevelopment plan is an independent municipal action which is governed by separate provisions of the Local Redevelopment Law. See *Housing Auth. of City of Newark v. Ricciardi,* 176 *N.J.Super.* 13, 21, 422 *A.*2d 78[, 82–83] (App.Div.1980). *N.J.S.A.* 40A:12A–7a provides that a redevelopment plan must be "adopted by ordinance" and "shall include an outline for the planning, development, redevelopment, or rehabilitation of the project area[.]" The redevelopment plan must indicate "[p]roposed land uses" for "the project area[,]" *N.J.S.A.* 40A:12A–7a(2), which "supersede applicable provisions of the development regulations of the municipality or constitute an overlay zoning district within the redevelopment area." *N.J.S.A.* 40A:12A–7c. Thus, one component of a redevelopment plan is the zoning or rezoning of the redevelopment area.

The Plan itself states: "This document contains all the City zoning and development controls for the Waterfront Redevelopment Area." The LRHL expressly so provides: "[t]he redevelopment plan shall supercede applicable provisions of the development regulations of the municipality or constitute an overlay zoning district within the redevelopment area." *N.J.S.A.* 40A:12A–7c.

Those zoning and development controls include the following procedural requirements:

All construction projects within the redevelopment area shall receive comments from the TRC prior to submission to the Mayor and Council acting as Redevelopment Agency for the City. Upon conceptual approval by the City of Asbury Park, the Mayor and Council, acting as the Redevelopment Authority, the matter shall then be submitted to the Planning Board for preliminary and final site plan approval, pursuant to statute.

Further, construction projects in the Waterfront Redevelopment Zone are designed to be accomplished through a master developer, presently intervenor. Indeed, when the City adopted the Plan by Ordinance 2607, it rejected a recommendation by the Planning Board that "private property owners have the right to develop their properties consistent with the Redevelopment Plan" as:

[I]nconsistent with the philosophy of the MOU [memorandum of understanding between the City and intervenor's predecessors] and the prior redevelopment agreements which authorize a single developer. *However, it is understood ... that any property owner ... may negotiate with the developer ... to obtain developer status and submit plans ... which would be subject to review by the Planning Board and the redevelopment authority for the City of Asbury Park.* [Emphasis added.]

■ We first address plaintiff's contention that its project is outside the confines of the Plan because it is not seeking to renovate the building as a redevelopment project. The simple answer to this is that all properties located in the zone are governed by the zoning strictures adopted by the Plan. Plaintiff cannot remove the property from the requirements of the Plan by refusing to comply with them. Plaintiff's project, moreover, meets the LRHL's definitions for "development" and "redevelopment." In this respect, the LRHL defines "development" as including the "reconstruction, conversion, structural alteration" and "any use or change in the use of any building...." *N.J.S.A.* 40A:12A–3. "Redevelopment" includes "development" and "rehabilitation of any structure or improvement...." *Ibid.* Plaintiff's project proposes a rehabilitation and/or renovation of the existing building and conversion of it from apartment units to condominiums. It is clearly a development and/or redevelopment.

We briefly comment, in this respect, upon the recent decision in *Britwood Urban Renewal, LLC v. City of Asbury Park,* 376 *N.J.Super.* 552, 871 *A.*2d 129 (App.Div.2005). The issue before us

in that case involved the City's authority to impose an off-site infrastructure improvement contribution upon an owner of an apartment building located in the Redevelopment Zone who had obtained final site plan approval from the Planning Board. We concluded the City did not have that authority. That issue, of course, is quite distinct from what is before us. But in the course of our decision, we commented that because "there is no contract or proposed contract between plaintiff and the City, or even between plaintiff and [intervenor] Asbury Partners, to perform any redevelopment, rehabilitation, or other work, plaintiff is not a redeveloper." *Id.* at 565, 871 *A.*2d at 137. We thought the plaintiff was merely "a property owner seeking municipal approval to renovate its building which is located within the redevelopment zone." *Ibid.*

■   One might draw from that some support for plaintiff's contention here. But as support for our view that plaintiff was merely "a property owner seeking municipal approval," we cited *N.J.S.A.* 40A:12A–8j. That statutory provision empowers a municipality, or designated redevelopment entity, to "[m]ake, consistent with the redevelopment plan: (1) plans for carrying out a program of voluntary repair and rehabilitation of buildings and improvements...." And, indeed, the Plan specifically exempted the plaintiff's property in *Britwood* if the needed renovations outlined for it in the Plan were started within a year. Those are not the circumstances here. We see nothing in either the LRHL or the Plan which permits plaintiff to escape the Plan's procedural and substantive requirements.

We turn now to plaintiff's contention that requiring compliance with the procedural requirements of the Plan as a prerequisite for planning board jurisdiction over its site plan application is contrary to the MLUL and exceeds the City's authority under the LRHL. To be sure, both the MLUL and the LRHL repose jurisdiction in municipal planning boards over site plan applications. Under *N.J.S.A.* 40:55D–25a(2), a planning board shall

"exercise its power in regard to ... site plan review...." Under *N.J.S.A.* 40A:12A–13:

> All applications for development or redevelopment of a ... portion of a redevelopment area shall be submitted to the municipal planning board for its review and approval in accordance with the requirements for review and approval of subdivisions and site plans as set forth by ordinance adopted pursuant to the [MLUL].

However, the procedures set forth in the Plan and Agreement do not intrude upon the Planning Board's statutory jurisdiction, or prevent plaintiff from seeking site plan approval. To the contrary, the Plan, the ordinance implementing it and the Agreement all recognize that the Planning Board must ultimately approve the site plan application. The critical issue is whether the Plan's procedural requirements are statutorily bereft.

We do not think so. The purpose of the LRHL is to empower and assist municipalities in their efforts to arrest and reverse deterioration in housing, commercial and industrial installations. *N.J.S.A.* 40A:12A–2. The LRHL provides: "A municipal governing body shall have the power to (1) Cause a preliminary investigation to be made ... as to whether an area is in need of redevelopment; (2) Determine ... that an area is in need of redevelopment; [and] (3) Adopt a redevelopment plan...." *N.J.S.A.* 40A:12A–4. The LRHL, thus, clearly authorizes the City's plan. Further, the LRHL contemplates the master developer-subsequent developer scheme that the City has adopted by ordinance. It provides that a municipality may implement its redevelopment plan directly, or "in lieu thereof, through ... a municipal redevelopment agency ..., but there shall be only one redevelopment entity...." *N.J.S.A.* 40A:12A–4c. "Redevelopment entity" is defined as "a municipality or an entity authorized by the governing body of a municipality pursuant to [*N.J.S.A.* 40A:12A–4c] to implement redevelopment plans...." *N.J.S.A.* 40A:12A–3. *N.J.S.A.* 40A:12A–8f empowers a municipality, or its redevelopment entity to "[a]rrange or contract with ... redevelopers for the planning, replanning, construction, or undertaking of any project or redevelopment work...." "Redeveloper" is defined as an entity "that shall enter into or propose to enter into a

contract with a municipality or other redevelopment entity for the redevelopment ... of an area in need of redevelopment...." *N.J.S.A.* 40A:12–3.

We, therefore, reject plaintiff's contention that the City improperly interfered with the Planning Board's jurisdiction. Plaintiff cites *Township of Dover v. Board of Adjustment of Township of Dover,* 158 *N.J.Super.* 401, 408, 386 *A.2d* 421, 425 (App.Div.1978), in which we said that "the board of adjustment is an independent administrative agency whose powers stem directly from the Legislature and hence are not subject to abridgement, circumscription, extension or other modification by the governing body." Here, the Planning Board's legislative authority to decide site plan application has not been "abridged." Rather the Plan simply imposes upon plaintiff certain redevelopment criteria, not unlike development standards that are imposed by typical zoning ordinances.

Similarly, plaintiff's reliance upon on *TWC Realty Partnership v. Zoning Board of Adjustment of Township of Edison,* 315 *N.J.Super.* 205, 717 *A.2d* 439 (Law Div.1998), *aff'd o.b.,* 321 *N.J.Super.* 216, 728 *A.2d* 338 (App.Div.1999), is misplaced. There, the trial court held that a zoning board was not authorized to refuse to consider the merits of a variance application for a large housing facility for the elderly because of the breadth, size and intensity of the application, and the extent of its deviation from the zoning standards. Because the variance application had been deemed complete, *see N.J.S.A.* 40:55D–10.3, the mandatory provisions of *N.J.S.A.* 40:55D–76c were triggered. Here, simply put, plaintiff's application was not complete as it had not complied with the procedural requirements of the Plan. *Cf. Eastampton Center L.L.C. v. Planning Bd. of Tp. of Eastampton,* 354 *N.J.Super.* 171, 805 *A.2d* 456 (App.Div.2002); *Sprint Spectrum, L.P. v. Tp. of Warren Planning Bd.,* 325 *N.J.Super.* 61, 737 *A.2d* 715 (Law Div.1999). *Compare Britwood Urban Renewal, L.L.C. v. City of Asbury Park, supra,* 376 *N.J.Super.* at 567, 871 *A.2d* at 138 ("[T]he LRHL coordinates with the MLUL by requiring the

Planning Board to review development and redevelopment applications in accordance with the requirements set forth by ordinance . . . ." (citing *N.J.S.A.* 40A:12A–13)).

Affirmed.