**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2603-15T2

FIRST AVENUE REALTY, LLC,

    Plaintiff-Appellant,

v.

THE CITY OF ASBURY PARK, a
municipal corporation, and
ASBURY PARTNERS, LLC, a
New Jersey Limited Liability
Company,

    Defendants-Respondents.

_____

        Submitted June 1, 2017 — Decided July 12, 2017

        Before Judges Manahan and Lisa.

        On appeal from Superior Court of New Jersey,
        Monmouth County, Law Division, Docket No. L-
        402-14.

        Paul V. Fernicola & Associates, LLC,
        attorneys for appellant (Paul V. Fernicola,
        of counsel and on the brief).

        Scarinci & Hollenbeck, LLC, attorneys for
        respondent City of Asbury Park (Roshan D.
        Shah, of counsel and on the brief).

        Becker LLC, attorneys for respondent Asbury
        Partners, LLC (Martin L. Borosko, of
        counsel; David J. Sprong, on the brief).

PER CURIAM

Plaintiff First Avenue Realty, LLC, appeals from a dismissal of its complaint seeking damages against defendants, the City of Asbury Park (City) and Asbury Partners, LLC (Asbury Partners). We affirm.

Plaintiff was the former owner of property located at 213-215 First Avenue in the City of Asbury Park (property). The property is a multi-family apartment building consisting of thirty-two units sited in an area deemed to be "blighted," and subject to the City's Waterfront Redevelopment Plan (the Plan) adopted in 2002. Asbury Partners was designated by the City as the Master Developer for the Plan pursuant to an Amended and Restated Redeveloper and Land Disposition Agreement (Agreement).

In April 2008, plaintiff applied for, and received, permits to perform certain repairs to the property. Due to heavy rain during the course of those repairs, a tarp blew off the roof resulting in significant damage. Based upon this occurrence, the City deemed the property uninhabitable and required the tenants be relocated.

On August 4, 2008, the City's construction official performed an inspection of the property and determined that plaintiff was performing renovations and repairs beyond the scope of work authorized by the permits previously issued by the

City.  The City issued a stop-work order, prohibiting plaintiff from performing any additional work beyond the roofing, plumbing and siding.  The order further required plaintiff to submit detailed plans and specifications regarding any work beyond the scope of the permits.

Plaintiff applied to the City's zoning official for a new zoning permit.  The zoning official determined that the proposed work constituted "redevelopment" pursuant to N.J.S.A. 40:12-4, the New Jersey Local Redevelopment Housing Law (LRHL), and denied the permits.  Under the LRHL, plaintiff was required to obtain subsequent developer status from Asbury Partners as required by the Agreement.  As a subsequent developer, plaintiff would be required to pay a fee to cover infrastructure improvements made by Asbury Partners to other areas in the redevelopment zone.

Plaintiff did not appeal the City's stop-work order or the denial of the new zoning permits.  Instead, plaintiff filed a civil complaint in the Superior Court naming the City and Asbury Partners as defendants.  On July 15, 2009, the parties entered into a consent order whereby plaintiff voluntarily withdrew the action based upon a failure to exhaust administrative remedies.  Rather than pursue those remedies, plaintiff filed an action in the United States District Court for the District of New Jersey.

3                                                    A-2603-15T2

Upon motion by Asbury Partners, the federal action was dismissed with prejudice.

The instant action commenced when plaintiff filed a second complaint in the Superior Court. Asbury Partners and the City filed a motion to dismiss arguing that plaintiff failed to exhaust its administrative remedies. Specifically, they argued that plaintiff did not comply with the requirements of the Plan by obtaining status as a subsequent developer and paying the off-site infrastructure fee. By the terms of the consent order dismissing the original complaint, plaintiff admitted it was required to exhaust administrative remedies.

The judge held that plaintiff was required to comply with the procedural and substantive requirements of the Agreement. In reaching the decision, the judge noted that the Plan at issue was the same plan which was the subject of this court's decision in <u>Jersey Urban Renewal, LLC v. City of Asbury Park</u>, 377 <u>N.J. Super.</u> 232 (App. Div.), <u>certif. denied</u>, 185 <u>N.J.</u> 392 (2005).

In <u>Jersey Urban Renewal</u>, the owner applied for a proposed renovation to its dilapidated apartment building, which was located in a redevelopment zone. <u>Id.</u> at 234. The application was denied because the plaintiff did not obtain status as a subsequent developer, as required in the adopted Redevelopment Plan. <u>Ibid.</u> We upheld the application's denial, finding that

there was "nothing in either the LRHL or the Plan which [permitted the] plaintiff to escape the Plan's procedural and substantive requirements." Id. at 237.

In his statement of reasons, the judge cited to Jersey Urban Renewal, finding:

> When an area is found to be blighted, the adoption of a redevelopment plan is an independent municipal action which is governed by separate provisions of the Local Redevelopment Law. N.J.S.A. 40A:12A-7a provides that a redevelopment plan must be "adopted by ordinance" and "shall include an outline for the planning, development, redevelopment, or rehabilitation of the project area[.]" The redevelopment plan must indicate "[p]roposed land uses" for "the project area[,]" N.J.S.A. 40A:12A-7a(2), which "supersede applicable provisions of the development regulations of the municipality or constitute an overlay zoning district within the redevelopment area." Thus, one component of a redevelopment plan is the zoning or rezoning of the redevelopment area.
>
> [Id. at 235 (citations omitted).]

In granting the motion to dismiss, the judge held that the complaint's averments failed to state a basis for its non-compliance with the Agreement. Further, the judge held that the work plaintiff had done to the property was properly categorized as "redevelopment." Therefore, plaintiff was required to obtain status as a subsequent developer. This appeal followed.

Plaintiff raises the following points on appeal:

## POINT I

THE TRIAL COURT ERRED WHEN DISMISSING [PLAINTIFF'S] CLAIMS AS A MATTER OF LAW.

## POINT II

[DEFENDANTS] FAILED TO MEET THE STANDARD FOR MOTION TO DISMISS.

## POINT III

[DEFENDANTS] ACKNOWLEDGE THAT CLAIMS OF INVERSE CONDEMNATION ARE EXCLUDED FROM THE TORT CLAIM[S] ACT.

## POINT IV

[DEFENDANTS'] ACTIONS VIOLATED ESTABLISHED LAW WHICH GIVES RISE TO [PLAINTIFF'S] CLAIMS.

## POINT V

EXHAUSTION OF REMEDIES IS NOT REQUIRED WHEN SAME WOULD BE FUTILE.

## POINT VI

[PLAINTIFF] IS NEITHER ESTOPPED NOR HAS WAIVED ITS RIGHT TO BRING THESE CLAIMS.

## POINT VII

[DEFENDANT] ASBURY PARTNERS, LLC[,] CONSTITUTES A STATE ACTOR AND [PLAINTIFF'S] CLAIM INVOLVE[D] THE ACTIONS OF BOTH [DEFENDANTS] IN CONCERT.

We apply a plenary standard of review to a court's decision to grant a motion to dismiss. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.),

certif. denied, 208 N.J. 368 (2011). It is a "well-established principle that our review of a trial judge's conclusions of law is de novo." Triarsi v. BSC Grp. Servs., LLC, 422 N.J. Super. 104, 113 (App. Div. 2011). We accord no deference to the trial judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

In considering whether dismissal is proper, a court must "search the allegations of the pleading in depth and with liberality to determine whether a cause of action is 'suggested by the facts.'" Rezem Family Assocs., LP, supra, 423 N.J. Super. at 113 (quoting Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989)). The plaintiff should be afforded "every reasonable inference of fact." Printing Mart, supra, 116 N.J. at 746. The question is "whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Ibid. (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

In light of our standard of review, we affirm the dismissal of plaintiff's complaint substantially for the reasons set forth in Judge Joseph Quinn's thorough and well-reasoned opinion. We add only the following.

Under the exhaustion doctrine, parties must "pursue available internal proceedings to conclusion before seeking judicial intervention." Hernandez v. Overlook Hosp., 149 N.J. 68, 73 (1997) (citing Garrow v. Elizabeth Gen. Hosp. & Dispensary, 79 N.J. 549, 559 (1979)). The doctrine stems, in part, from our desire to "discourage piecemeal litigation." Garrow, supra, 79 N.J. at 559. Additionally, "the expertise of an administrative [body] may not be exercised or known until it renders its final decision, and usually upon judicial review due deference is accorded [to] that expertise." Ibid.

We have recognized certain exceptions to the exhaustion doctrine. Id. at 561. These include circumstances "when only a question of law need be resolved; when the administrative remedies would be futile; when irreparable harm would result; when jurisdiction of the [body] is doubtful; or when an overriding public interest calls for a prompt judicial decision[.]" Ibid. (citations omitted).

Here, we find that none of the exceptions cited in Garrow are applicable. The matters in dispute did not exclusively involve a matter of law. There was no demonstration by plaintiff of irreparable harm. Crowe v. De Gioia, 90 N.J. 126 (1982). There was no issue regarding jurisdiction. Further, we reject plaintiff's argument that it could proceed without

8

exhaustion of the approval process, as that process would have proven "futile." While it may be "uncertain" that plaintiff would obtain the necessary approval to perform the work it sought to do, uncertainty of result is not synonymous with "futile."

Plaintiff's remaining arguments, not specifically addressed herein, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION