```
┌─────────────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE                   │
│            APPROVAL OF THE APPELLATE DIVISION                │
│                                                             │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R. 1:36-3. │
└─────────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2968-16T1

STEVEN D'AGOSTINO,

 Plaintiff-Appellant/
Cross-Respondent,

v.

GESHER LLC, SCOTT LINDENBAUM,
KEITH LINDENBAUM, KAREN
LINDENBAUM, GENNARO PAGANO,
ANTOINETTE PAGANO, CENTURY 21/
GEMINI REO LLC,

 Defendants-Respondents
 Cross-Appellants,

and

GAYLE COLAVITO and FEIN SUCH
KAHN AND SHEPARD, PC,
NEWPORT REALTY, INC. AND
NICHOLAS MANDVENO,

 Defendants.

_____

Argued May 24, 2018 — Decided June 8, 2018

Before Judges Simonelli and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Docket No. L-0522-
12.

Steven D'Agostino, appellant/cross-respondent, argued the cause pro se.

Alyse Berger Heilpern argued the cause for respondents/cross-appellants Century 21/Gemini REO LLC, Gennaro Pagano and Antoinette Pagano (L'Abbate, Balkan, Colavita & Contini, LLP, attorneys; John R. Gonzo, of counsel and on the brief).

Kevin P. Gilmartin argued the cause for respondents/cross-appellants Gesher LLC, and Scott, Keith and Karen Lindenbaum (Rothstein, Mandell, Strohm & Halm, PC, attorneys; Michael L. Pescatore, of counsel and on the brief).

PER CURIAM

Plaintiff Steven D'Agostino appeals from the February 3, 2017 Law Division order, which denied his motion for post-judgment interest pursuant to Rule 4:42-11. Defendants Century 21/Gemini REO, LLC, Gennaro and Antoinette Pagano (collectively Pagano), and defendants Gesher LLC and Scott, Keith, and Karen Lindenbaum (collectively Gesher)[1] cross-appeal from the denial of their cross-motions to impose frivolous lawsuit sanctions pursuant to N.J.S.A. 2A:15-59.1. We affirm.

## I.

This matter involved plaintiff's claims against defendants for allegedly interfering with his attempt to purchase property.

---

[1] We shall sometimes refer to Pagano and Gesher collectively as defendants.

The trial court dismissed the complaint with prejudice pursuant to Rule 4:6-2(e) for failure to state a claim upon which relief could be granted and denied plaintiff's motion for reconsideration. See D'Agostino v. Gesher LLC, No A-1040-12 (App. Div. Jan. 15, 2015) (slip op. at 1). We reversed and remanded. Id. at 19.

Thereafter, plaintiff filed a motion with this court for appellate costs and sanctions. In a February 23, 2015 order, we denied the motion. Plaintiff took no further action with respect to the order. Accordingly, he is not entitled to costs and sanctions for the first appeal.[2]

On April 29, 2016, the parties entered a global settlement in the amount of $70,000, with Pagano paying plaintiff $55,000 and Gesher paying $15,000 within thirty days. The settlement did not provide for post-settlement interest. Plaintiff agreed to the global settlement under oath on the record and testified he entered into it freely, voluntarily, and without force or coercion.

---

[2] Plaintiff argues in the present appeal that he is entitled to costs for the first appeal, citing only part of Rule 2:11-5 that states costs on appeal "shall be taxed by the clerk of the appellate court . . . in favor of the prevailing party." He conveniently omits the language that costs on appeal "shall be taxed by the clerk of the appellate court in the manner ordered by the appellate court. . . ." (Emphasis added). We did not order an award of costs to plaintiff.

On April 29, 2016, the trial court entered an order of dismissal, which listed the terms of the settlement, marked the case settled, and dismissed it with prejudice. All parties signed the order. Contrary to plaintiff's position on appeal, the order did not award him any money or order defendants to make payment. Accordingly, the order was not a judgment or enforceable as a judgment.

Before the expiration of thirty days, on May 4, 2016, plaintiff filed a motion to vacate the global settlement as to Gesher only. As a result, defendants, who were ready, willing, and able to pay the settlement money, withheld payment pending disposition of the motion, and filed cross-motions to enforce the settlement and for attorney's fees and costs. On June 7, 2016, the court entered an order enforcing the settlement and denying all other relief.

Plaintiff appealed and defendants cross-appealed. Pagano filed a motion with this court to deposit its portion of the settlement with the court. In an August 29, 2016 order, we granted Pagano's motion. In a November 14, 2016 order, we dismissed plaintiff's appeal for failure to prosecute. Defendants subsequently withdrew their cross-appeals.

Thereafter, plaintiff demanded payment of post-judgment interest, but defendants declined. On January 10, 2017, plaintiff

filed a motion for post-judgment interest pursuant to Rule 4:42-11 and for sanctions. Defendants filed cross-motions for frivolous lawsuit sanctions pursuant to N.J.S.A. 2A:15-59.1. In a February 3, 2017 order, the motion judge denied all motions. In a statement of reasons, the judge found plaintiff's appeal from the order enforcing the settlement was meritless. Citing Mehta v. Johns-Manville, 163 N.J. Super. 1 (App. Div. 1978), the judge found it would be inequitable to compel defendants to pay interest for a delay in payment not attributable to them. Citing Gerhardt v. Continental Ins. Co., 48 N.J. 291 (1966), the judge found "[a]n award of counsel fees, sanctions and costs is disfavored unless sanctioned under [Rule] 4:42-9 and no compelling reasons are established for the award." This appeal followed.

II.

On appeal, plaintiff argues he is entitled to post-judgment interest as a matter of right; Pagano should be responsible for retrieving the money deposited with the court; and he is entitled to costs for this appeal. We have considered these arguments in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). However, we make the following brief comments.

Plaintiff cites no authority requiring Pagano to retrieve the settlement money deposited with the court. There was no judgment entered in this case. Thus, cases plaintiff cites regarding the right of judgment creditors to post-judgment interest are inapplicable.

Further, Hagrish v. Olson, 254 N.J. Super. 133 (App. Div. 1992), on which plaintiff relies to argue he is entitled to interest absent a judgment, is also inapplicable. There, the defendants refused to finalize the settlement, thus forcing the plaintiffs to file a motion to enforce. Id. at 136-37. We reversed the trial court's denial of the plaintiff's motion, and remanded for entry of an order requiring immediate payment of the settlement money plus interest. Id. at 139.

Here, it was plaintiff who refused to abide by the global settlement and defendants who were forced to file a motion to enforce and defend a frivolous appeal. Defendants cannot be compelled to pay interest on the settlement where they clearly did not cause the delay.

Contrary to plaintiff's position, Mehta is still good law and has been cited with approval by this court. See Regino v. Aetna Casualty & Sur. Co., 200 N.J. Super. 94, 99 (App. Div. 1985); Baker v. Nat'l State Bank, 353 N.J. Super. 145, 177 (App. Div. 2002. In Mehta, the defendants appealed from an order adding

interest to a settlement. 163 N.J. Super. at 2. We reversed, concluding, "it is inequitable to compel the payment of interest by defendants for a delay which [cannot] be attributed to them in any respect whatsoever." Id. at 6-7. So too, it is inequitable to compel defendants here to pay interest, as the delay in payment cannot be attributed to them in any way whatsoever. Further, it would be utterly inequitable to award interest to a party, such as plaintiff, who was solely responsible for the delay in payment. Had plaintiff abided by the global settlement and not filed the motion to vacate and the frivolous appeal, he would have received the payment of the settlement funds long ago. We cannot permit plaintiff to benefit with any interest under the circumstances of this case.

III.

On cross-appeal, defendants argue the motion judge erred in failing to award frivolous lawsuit sanctions against plaintiff under N.J.S.A. 2A:15-59.1 for his motion for post-judgment interest.[3] We disagree, but for reasons different from those

---

[3] We decline to address Pagano's additional argument that the court erred in failing to award attorney's fees for plaintiff's motion to vacate the settlement. Pagano voluntarily dismissed its cross-appeal from the June 7, 2016 order denying its cross-motion for attorney's fees and costs, and the time to reinstate that appeal has long expired. Further, Pagano's notice of cross-appeal states it is only appealing from the February 3, 2017 order. "[I]t

stated by the motion judge.  See Aquilio v. Cont'l Ins. Co. of N.J., 310 N.J. Super. 558, 561 (App. Div. 1998).

Claims against parties governed by N.J.S.A. 2A:15-59.1 are affected by the procedural but not the substantive provisions of Rule 1:4-8.  Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 69-73 (2007).  The procedural provisions of Rule 1:4-8(b)(1) are as follows, in pertinent part:

> An application for sanctions under this rule shall be by motion made separately from other applications and shall describe the specific conduct alleged to have violated this rule. No such motion shall be filed unless it includes a certification that the applicant served written notice and demand pursuant to R. 1:5-2 to the attorney or pro se party who signed or filed the paper objected to.  The certification shall have annexed a copy of that notice and demand, which shall (i) state that the paper is believed to violate the provisions of this rule, (ii) set forth the basis for that belief with specificity, (iii) include a demand that the paper be withdrawn, and (iv) give notice, except as otherwise provided herein, that an application for sanctions will be made within a reasonable time thereafter if the offending paper is not withdrawn within 28 days of service of the written demand. . . . The certification shall also certify that the paper objected to has not been withdrawn or corrected within the appropriate time period provided herein

is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler and Verniero, Current N.J. Court Rules, cmt. 6 on R. 2:5-1(f)(1) (2018); see 1266 Apt. Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004).

following service of the written notice and demand.

Failure to conform to the rule's procedural requirements will result in a denial of the request for a counsel fee sanction. State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006).

Here, the record is devoid of evidence that defendants served the required written notice and demand on plaintiff or filed the required certification, and defendants do not argue on appeal that they complied with the rule. Because of defendants' failure to conform to the rule's procedural requirements, we are constrained to affirm the denial of their motion for frivolous lawsuit sanctions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2968-16T1