**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0628-17T2

ROBERT J. TRIFFIN,

     Plaintiff-Appellant,

v.

PUBLIC SERVICE ELECTRIC AND
GAS COMPANY, (d/b/a) PSE&G,

     Defendant-Respondent,

and

TIENNA MOORE, STEPHANIE JUSTE and
NADIYAH KNOLTON,

     Defendants.

_____

> Argued October 2, 2018 – Decided October 15, 2018
>
> Before Judges Fisher and Firko.
>
> On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-010038-14.
>
> Robert J. Triffin, appellant, argued the cause pro se.
>
> Respondent has not filed a brief.

PER CURIAM

Plaintiff appeals from the trial court order denying costs and post-judgment interest. We affirm substantially for the reasons set forth in the oral opinion rendered by Judge Deborah M. Gross-Quatrone.

The parties are familiar with the procedural history and facts of this case, and, therefore, they will not be repeated in detail here.[1]

Plaintiff sought "appellate costs" in the sum of $1,024.33. In her decision, the judge found that:

> Plaintiff did not - - contrary to [p]laintiff's assertion - - derive any benefit from the appeal. Plaintiff's benefit, if any, came by way of the trial court's decision. He's woefully defeated in the Appellate Division. To follow [p]laintiff's arguments to a logical conclusion, every plaintiff who had recovered something at the trial level - - and here inclusive of the defendants in this case . . . would be a prevailing party and would be permitted then to bring an appeal virtually free of cost, even if they ultimately lose the appeal.

The judge concluded that plaintiff was not the "prevailing party on appeal."

In his brief on appeal, plaintiff argues:

---

[1] The chronology is set forth in this court's unpublished opinion entered on October 5, 2016 in which we remanded and directed the trial court to make a determination of court costs. We incorporate, by reference, the facts stated in our prior opinion to the extent they are consistent with those developed on remand.

A-0628-17T2

POINT ONE

MOTION JUDGE GROSS-QUATRONE COMMITTED REVERSIBLE ERROR WHEN SHE MISAPPREHENDED THE NEW JERSEY STANDARDS FOR A PARTY TO RECOVER HIS/HER COURT COSTS UNDER COURT RULE 4:42-8.

POINT TWO

MOTION JUDGE GROSS-QUATRONE PREJUDICIALLY ABUSED HER DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN SHE DENIED TRIFFIN'S REQUEST UNDER RULE 4:42-11 TO RECOVER STATUTORY POST-JUDGMENT INTEREST AND APPELLATE EXPENSES.

We review costs and interest determinations for an abuse of discretion and same will be disturbed only on the rarest of occasions. See, e.g., Rendine v. Pantzer, 141 N.J. 292, 317 (1995). "Unless otherwise provided by law . . . costs shall be allowed as of course to the prevailing party." TWC Realty P'ship v. Zoning Bd. of Adjustment of Twp. of Edison, 321 N.J. Super. 216, 217 (App. Div. 1999) (citing R. 4:42:8(a)); see also Gallo v. Salesian Soc'y Inc., 290 N.J. Super. 616, 659-60 (App. Div. 1996); Regino v. Aetna Cas. & Sur. Co., 200 N.J. Super. 94, 100 (App. Div. 1985). A "high threshold" is imposed "for exercise of the court's limited discretion respecting cost . . . ." TWC Realty P'ship., 321 N.J. Super. at 217.

Rule 4:42-8(a) provides as follows: "Unless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party." Plaintiff argues that the judge's interpretation of Rule 4:42-8(a) is not entitled to any deference when reviewed by this court. We reject plaintiff's argument because a trial court's ruling on discretionary matters will not be reversed on appeal absent a "clear error in judgment." In re Estate of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007).

Our New Jersey Supreme Court has also adopted a definition of "prevailing party" status, holding:

> Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement . . . [A] plaintiff "prevails" when actual relief on the merits of his [or her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

Tarr v. Ciasulli, 181 N.J. 70, 86 (2004) (citing Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)); see also Warrington v. Village Supermarket, Inc., 328 N.J. Super. 410, 421 (App. Div. 2000) (applying the Third Circuit's "prevailing party" standard, which focuses on whether a "plaintiff succeeds in 'moving the defendant to do more than it was already committed to do . . . .'" (citing Ashley v. Atlantic Richfield Co., 794 F.2d 128, 136 (3d Cir. 1986))).

4

There is ample support in the record for the judge's determination that plaintiff is not a prevailing party as defined by Rule 4:42-8(a).

Plaintiff's remaining argument, including his claim for post-judgment interest, is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(A) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0628-17T2